IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD MASCIO, ) | |
| No. B15769, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01318-NJR |
| ) | |
| STATE OF ILLINOIS, ) | |
| PENNY GEORGE, ) | |
| DR. POWERS, ) | |
| DR. M. ADAMS, ) | |
| DR. NEGEL VINGAID, ) | |
| DIANE KAROL, ) | |
| UNKNOWN PARTY, and ) | |
| IDOC DEPT. HEAD DIRECTORS, ) | |
| ) | |
|       Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    Plaintiff Donald Mascio is an inmate housed in Vienna Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to a variety of conditions of his confinement, the denial of proper and timely medical care on multiple occasions, inadequate dental care, retaliation, and the inadequate prison law library (Doc. 1).

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

*The Complaint*

The complaint has multiple flaws and must be dismissed. First and foremost, the pleading is not signed as required by Federal Rule of Civil Procedure 11(a). There is no demand for relief, such as monetary damages or injunctive relief, in violation of Federal Rule of Civil Procedure 8(a)(3). Also, the named defendants are not discussed in the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Dismissal shall be without prejudice, and Plaintiff will be given an opportunity to file an amended complaint. When contemplating amendment, Plaintiff should use caution in presenting multiple claims against multiple defendants.

Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A), (B). In accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), unrelated claims against different defendants will be severed into separate lawsuits, and Plaintiff will be required to pay an additional filing fee for each case that is severed. *Id.* at 607; *see also* 28 U.S.C. § 1915(b), (g).

*Motion for Counsel*

The complaint's inadequacies and Plaintiff's motion for recruitment of counsel (Doc. 3) beg the question, Can Plaintiff proceed *pro se*? *See Childress v. Walker*,787 F.3d 433, 443 (7th Cir. 2015). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a pro se litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

According to Plaintiff's motion, he has written to a nonpartisan group that monitors prisons but does not take on cases per se and two law firms. The response from one firm indicates that information about prison conditions was conveyed from Plaintiff, but there is no suggestion that Plaintiff sought representation. The second firm did not perceive that the case

had merit and declined to represent Plaintiff. Plaintiff otherwise states that he has had some high school education and is not knowledgeable of the law. He takes the prescription drugs Zantac, Celexa, "etc."

It appears that Plaintiff has only asked one law firm to represent him, which is an inadequate effort on Plaintiff's part. In any event, the original complaint, even with its procedural faults, demonstrates that Plaintiff can coherently and articulately set forth a narrative of what has occurred to him that would satisfy the basic pleading standard. Zantac is, in most dosages, sold over-the-counter for the reduction of stomach acid in relation to ulcers and gastrointestinal reflux. *See* http://www.drugs.com/zantac.html. Zantac is generally well tolerated and has no side effects that would impair Plaintiff's ability to proceed pro se. *Id*. Celexa is an antidepressant; drowsiness and insomnia are among the common side effects, and mood changes, such as irritability, anxiety and panic attacks, may result. *See* http://www.drugs.com/celexa.html. Plaintiff gives no indication that he is troubled by the side effects of his medications. For those reasons, the Court does not perceive that the guiding hand of counsel is required to draft a viable amended complaint. Whether the claims themselves would legally survive preliminary review remains to be seen, but Plaintiff can certainly move for counsel as the case progresses. For these reasons, Plaintiff's motion for counsel will be denied without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **January 29, 2016**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice for having failed to state a claim upon which

relief can be granted, failing to comply with a court order, and failing to prosecute this action. In that situation, a "strike" will also be assessed against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 21, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**